UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MANAS HOTEL LLC** | **CIVIL ACTION NO. 1:22-CV-1823** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **AMGUARD INSURANCE CO.** | **MAGISTRATE JUDGE JOSEPH H. L. PEREZ-MONTES** |

## ORDER

Before the Court is a Motion For Partial Summary Judgment [ECF No. 45] filed by Defendant, AmGUARD Insurance Company ("AmGUARD"). Plaintiff Manas Hotel, LLC ("Manas Hotel") opposes the motion [ECF No. 54]. AmGUARD has filed a reply in support [ECF No. 59].

Manas Hotel owns and operates a hotel in Natchitoches, Louisiana that was allegedly damaged in Hurricane Laura on August 27, 2020 [ECF No. 1] The parties agree that AmGUARD issued an insurance policy for the hotel that was in effect at the time of the alleged damage. Manas Hotel filed a claim with AmGUARD, seeking coverage of damage allegedly caused by Hurricane Laura. [ECF No. 45-1 at 7-8]. AmGUARD assigned Sedgwick to adjust the claim; the assigned adjuster inspected the property twice and observed damage to parts of the hotel. [*Id.* at 8].

While Sedgwick's first report did not state a clear conclusion regarding causation of the observed damage, it stated that there "[did] appear to be some type of wind elements have damage [sic] portions of the metal roofing" and AmGUARD "may need to engage the services of a structural engineer to assess the roofing materials." [ECF No. 45-7 at 2]. Sedgwick's second report opined that investigation was needed to determine "*the actual scope of damage resulting from hurricane Laura*" as opposed to other storms in late 2020, and there was a need "to confirm if the *policy was renewed* in September 2020 which may have prompted the circumstances and

reporting" (emphases in original). [ECF No. 45-8 at 1]. The second report noted that the third floor had isolated but "visible damages that we observed which did appear to have resulted from recent storm elements" and concluded that "it is possible that some elements from hurricane Laura may have caused some degree" of damage to the roof. [*Id.* at 2, 4]. Sedgwick also opined that some of the damage might have been caused by the building's maintenance, design, and construction, which an engineer might be able to determine. [*Id.* at 5]. Sedgwick's second report included a review of reports and estimates by Manas Hotel's moisture contractor, Rainbow International Restoration of Little Rock Arkansas, and roof inspector, Crest Exteriors LLC. [*Id.* at 2-3].

At AmGUARD's direction, Sedgwick retained engineering firm EFI Global, Inc. ("EFI") to "[d]etermine the cause of water intrusion into the building" and issue a report. [ECF No. 45-9] EFI concluded that the hotel suffered no damage whatsoever from Hurricane Laura, and all observed water damage was the result of improper maintenance, age-related deterioration, and improper HVAC usage. [ECF No. 45-9 at 6-7]. Sedgwick reviewed EFI's report and reported to AmGUARD that "[c]overage questions include causation of the damages presented by the policyholder through their public adjuster, majority of the reported damage caused by numerous other factors discussed in this narrative." [ECF No. 45-10 at 1]. On September 13, 2021, AmGUARD denied all coverage, citing the EFI and Sedgwick reports as well as provisions in the insurance policy. [ECF No. 45-1 at 10].

In April of 2022, Manas Hotel sent AmGUARD a demand letter seeking $587,559.44 plus statutory penalties. [ECF No. 45-1 at 12] The letter included documentation of invoices and estimates to conduct repairs to the hotel, which Manas Hotel asserts constitutes satisfactory proof of loss. [ECF No. 45-1 at 12] Manas Hotel commenced this action on June 21, 2022, alleging

breach of contract for AmGUARD's denial of coverage and seeking bad faith penalties for failure to pay timely. [ECF No. 1].

After AmGUARD was served, it retained a second engineering firm, Crawford Engineering LLC ("Crawford"), to conduct another inspection of the hotel. [ECF No. 45-1 at 11]. This time, AmGUARD asked its engineer to estimate the cost to repair "any damage at all that could not unquestionably be ruled out as unrelated to Hurricane Laura." [ECF No. 45-1 at 11] On April 13, 2023, Crawford issued a report concluding that some damage to the hotel could not be "definitively refuted" as having been caused by wind or windborne debris. [ECF No. 45-12 at 2-3] Crawford estimated the actual cost value of these repairs to be $40,793.23, and on May 3, 2023, AmGUARD issued Manas Hotel a check for Crawford's estimate minus the policy's deductible. [ECF No. 45-1 at 12]. AmGUARD moves for summary judgment on Manas Hotel's bad faith claim on the grounds that AmGUARD never received satisfactory proof of loss. [ECF No. 45]

To prevail on a motion for summary judgment, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010); *see also Roy v. City of Monroe*, 950 F.3d 245, 254 (5th Cir. 2020) ("There exists a 'genuine dispute' about a material fact . . . when the evidence would allow a reasonable jury to return a verdict for the nonmovant."). The movant "bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). Typically, if the non-movant will bear the burden of proof at trial, "the movant may

merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* The court is to consider evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014)(citing *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir.2012)).

Under Louisiana Revised Statute § 22:1892, insurers "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured or any party in interest." La. Stat. Ann. § 22:1892(A)(1). If an insurer fails to make such a payment and the failure "is found to be arbitrary, capricious, or without probable cause," the insurer is subject "to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due ... as well as reasonable attorney fees and costs." La. Stat. Ann. § 22:1892(B)(1). An insurer's failure to pay is arbitrary, capricious, or without probable cause if it is "unjustified, without reasonable or probable cause or excuse" and "not based on a good-faith defense." *First United Pentecostal Church v. Church Mut. Ins. Co.*, 119 F.4th 417, 427-28 (5th Cir. 2024)(quoting *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 759 F.3d 427, 436 (5th Cir. 2014)). "Whether an insured's conduct is arbitrary or capricious depends on the facts known to the insurer at the time of its action" and "is essentially a factual issue." *First United Pentecostal Church v. Church Mut. Ins. Co.*, 119 F.4th 417, 427 (5th Cir. 2024)(quoting *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 759 F.3d 427, 436 (5th Cir. 2014)). "Penalties should be imposed only when the facts negate probable cause for nonpayment." *First United Pentecostal Church v. Church Mut. Ins. Co.*, 119 F.4th 417, 427-28 (5th Cir. 2024)(quoting *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 2008-0453 (La. 12/2/08), 999 So.2d 1104, 1114)(internal quotations omitted). Nonetheless, "summary

judgment has been found to be appropriate when there is no evidence of an insurer's bad faith conduct." *Mahadev v. Amguard Ins. Co.*, No. CV 22-00344-BAJ-EWD, 2024 WL 3588579, at *4 (M.D. La. June 20, 2024)(citations omitted).

Having reviewed the summary judgment record, the Court finds AmGUARD has not carried its burden of showing that there is "no evidence" in the record which, taken in the light most favorable to Manas Hotel, would allow a jury to return a verdict for Manas Hotel on its bad faith claim. For example, the timeline of investigations, suit, and payment presents factual questions regarding the reasonability of the initial investigation.[1] Additionally, AmGUARD cited the reports of Sedgwick and EFI in denying the claim initially, and argues that it did not receive "satisfactory proof of loss" until it received Crawford's report stating that some identified damage could have been caused by wind. However, Sedgwick's initial report also identified potential wind damage [ECF No. 45-7 at 2-3] and while EFI's report concluded that the hotel was not damaged by wind, AmGUARD only asked EFI to determine "the cause of water intrusion" into the hotel. [ECF No. 45-9 at 2]. In short, AmGUARD has not shown that no reasonable jury could find in favor of Manas Hotel on the question of bad faith failure to pay. Accordingly,

IT IS HEREBY ORDERED Motion For Partial Summary Judgment [ECF No. 45] filed by Defendant, AmGUARD Insurance Company is DENIED.

THUS DONE AND SIGNED this 10th day of March, 2025.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See, e.g., Merwin v. Spears*, 2012-0946 (La. 6/22/12), 90 So. 3d 1041 (summary judgment inappropriate on bad faith claim when the insurer initially denied the plaintiff's claim but re-investigated and paid after plaintiff sued).